CLERK'S COPY

**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 4 1999

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

FLOYD ROBINSON,

      Plaintiff,

v.

    No. CIV-98-1342 LH/JHG

STATE OF NEW MEXICO,
DEPARTMENT OF CORRECTIONS,
MEDICAL DEPARTMENT NMCD,
ROBERT PERRY,
JOHN SHANKS,

      Defendants.

*R. [signature]*

CLERK

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated and appears pro se; he is proceeding in forma pauperis and has paid the filing fee. For the reasons below, the complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action ... is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518,



1520-21 (10th Cir. 1992).

Plaintiff asserts two claims against Defendants for denial of medical treatment in violation of the Eighth Amendment's protections against cruel and unusual punishment. The supporting allegations are that security staff confiscated Plaintiff's knee brace and did not replace it for more than a year. Second, medical staff misdiagnosed Plaintiff's ulcerated esophagus and denied him a second opinion, thus delaying treatment of the condition for twenty-two months. A number of grievance forms describing Plaintiff's attempts to obtain a knee brace are attached to the complaint. Plaintiff seeks damages and an order enjoining Defendants from transferring him to another facility.

One of the "core" concerns of the Eighth Amendment is inmate access to necessary medical care. *See Ramos v. Lamm*, 639 F.2d 559, 566 (10th Cir. 1980). In a § 1983 action for damages or injunctive relief, "only 'deliberate indifference to serious medical needs' of prisoners violates the Eighth Amendment proscription against cruel and unusual punishment." *Id.* at 575 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Deliberate indifference to serious medical needs may be "manifested by...denying or delaying access to medical care." *Estelle*, 429 U.S. at 104. To articulate an Eighth Amendment cause of action premised on an allegation that Defendants were deliberately indifferent to his serious medical needs, Plaintiff must allege both that the pain or deprivation he suffered was sufficiently serious and that the Defendants acted with a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991) (citation omitted).

Under these standards, no relief can be granted on Plaintiff's claim for denial of a knee brace. Plaintiff concedes that Defendants confiscated the original brace for security purposes because it contained metal parts. Grievance forms indicate that, during the intervening months before Plaintiff

received a new brace, medical staff twice recommended a replacement brace and that efforts were made to accommodate Plaintiff's condition. Plaintiff's own pleadings, therefore, refute the necessary showing of "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. at 106. Furthermore, a claim for delayed treatment requires a showing that the delay "result[ed] in substantial harm," *White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996), and no such allegation is made. This claim will be dismissed.

Plaintiff's claim for delay of treatment of his esophagus will be dismissed for failure to exhaust administrative remedies. Under 42 U.S.C. § 1997e(a), "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." None of the grievance forms attached to the complaint mentions the alleged ulcerated esophagus, and Plaintiff does not allege exhaustion. This claim will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's Eighth Amendment claim for denial of a knee brace is DISMISSED with prejudice; the Eighth Amendment claim for delayed treatment of an ulcer is DISMISSED without prejudice; and an order shall be entered in accordance with this opinion.

UNITED STATES DISTRICT JUDGE

3